IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOSE MARTINEZ, JR., <br><br> Plaintiff, <br><br> vs. <br><br> CORRECTIONAL HEALTH PARTNERS; LT. METZGER; LT. BODINE; C.O. MILLER; JOHN and JANE DOE, <br><br> Defendants. | Cause No. CV 19-93-BLG-TJC <br><br><br> ORDER |

Plaintiff Martinez filed this case on September 9, 2019, alleging violations of his right to adequate medical care as a pretrial detainee. *See* Am. Compl. (Doc. 7) at 2, 5, 9–11. Defendants Metzger and Bodine answered on June 19, 2020, and Defendant Correctional Health Partners answered on July 9, 2020.[1] On August 12, 2020, based on the parties' written consent, the matter was reassigned to me for all proceedings, including entry of judgment. *See* Clerk's Notice (Doc. 1); Consents (Doc. 1-1).

---

[1] United States District Judge Susan P. Watters dismissed Defendant C.O. Miller on June 1, 2020. *See* Order (Doc. 12). Martinez has not identified any Doe Defendant and did not move to amend his pleading before (or after) the deadline. *See* Scheduling Order (Doc. 23) at 6–7.

1

Currently pending are three motions filed by Defendants: a motion to sanction Plaintiff Martinez for failing to respond to discovery requests (Doc. 53), a motion to strike Martinez's belated response to that motion for sanctions (Doc. 59), and a motion for summary judgment (Doc. 63). Only the summary judgment motion will be addressed.

## I. Summary Judgment Standards

The Court will grant summary judgment if the moving party shows "there is no genuine dispute as to any material fact" and it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable juror to return a verdict in the non-moving party's favor. *Id.*

Once the moving party submits evidence demonstrating the absence of a genuine dispute of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), the burden shifts to the non-moving party to show the existence of a genuine conflict in the evidence or in its interpretation, *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Just as the moving party must produce evidence, the non-moving party also must "go beyond the pleadings" and point to evidence—that is, "depositions, answers to interrogatories, . . . admissions on file," and the like—to "designate 'specific facts showing that there

is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e), now 56(c)(1)).

## II.  Martinez's Amended Complaint

Martinez alleges the Defendants failed to treat his chronic back problems with adequate pain relief and support.  This claim has four elements.  As to each defendant, Martinez must show:

1. The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

2. Those conditions put the plaintiff at substantial risk of suffering serious harm;

3. A reasonable official in the circumstances would have appreciated the high degree of risk involved, yet the defendant did not take reasonable measures to abate the risk;

4. By not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Martinez alleges that Defendants Correctional Health Partners refused to provide him adequate pain medication or special shoes to reduce his back pain. *See* Am. Compl. (Doc. 7) at 5, 10.  He alleges that Lieutenant Bodine "allowed the Plaintiff to be placed on an upper tier," forcing him to incur pain in climbing the stairs, that Lieutenant Metzger denied his grievances seeking medical attention, and that both lieutenants approved the denial of his preferred pain medications. *See id*. at 10.

## III. Defendants' Motion for Summary Judgment

Defendants show that Martinez's complaints were addressed promptly and reasonably. *See, e.g.*, Defs. Statement of Undisputed Facts (Doc. 65) ("SUF") at 3–9 ¶¶ 10–24; *see also* Pl. Resp. to Mot. for Sanctions (Doc. 58-3) at 1–60 (medical kites with prompt and reasonable responses July 2019 through February 2021). He was assessed for pain or signs of distress the day after he arrived at the Yellowstone County Detention Center. See SUF at 2 ¶ 4; McCord Aff. (Doc. 65-2) at 2 ¶ 6. Martinez was not permitted to take the medications he requested, including oxycodone, but he received medications intended to provide adequate relief. *See* McCord Aff. at 4 ¶ 11, 5–6 ¶ 14. On August 3 and 4, 2019, Martinez complained that he was experiencing "numbness, aching, burning & pain constantly," *see* Defs. Ex. E (Doc. 65-5) at 2, and sought transfer to the hospital for treatment, *see id*. at 1; *see also* Defs. Ex. F (Doc. 65-6) at 1. At that time, he had ample commissary funds available. *See, e.g.*, Defs. Ex. D at 1; *see also* Account Statement (Doc. 4) at 1. But he was not purchasing over-the-counter pain control medications. *See* McCord Aff. (Doc. 65-2) at 4–5 ¶ 12–13. These facts corroborate medical staff's observations.

On November 13, 2019, Martinez's medications for chronic care were reassessed, and his pain medications were increased. But his "vitals and clinical presentations were not consistent with somebody who was experiencing a serious

medical issue" requiring emergency or specialized treatment, and he "demonstrated no severe physical limitations or restrictions that may have required a higher level of acute care or evaluation/treatment with a medical specialist." *Id*. at 6 ¶¶ 15–16.

Martinez's complaint concerning special shoes suggests only that they would be helpful, not that he was at substantial risk of serious harm without them. *See* Defs. Ex. C (Doc. 65-3) at 1, Ex. D (Doc. 65-4) at 1.

Defendants do not address the allegation in Martinez's amended complaint that Lieutenant Bodine "allowed the Plaintiff to be placed on an upper tier," thus contributing to his back pain. But, for two reasons, this allegation will be dismissed.

First, to state a claim under 42 U.S.C. § 1983, Martinez must allege facts showing that Bodine caused or contributed to causing the placement. *See* 42 U.S.C. § 1983. A person participates in causing a constitutional violation "if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes" or contributes to causing the violation. *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "[A]llowing" a particular placement does not meet the causation element.

Second, Martinez was asked in deposition to state his claims against

Metzger and Bodine, he referred only to their role in approving medical staff's decisions. *See* SUF at 10 ¶¶ 29–30; Martinez Dep. (Doc. 65-1) at 103:15–23, 136:12–140:25. None of the grievances or kites the parties have filed in the case reflect a concern with climbing stairs. Therefore, to whatever extent Martinez originally attempted to state a claim on this basis, he has abandoned it.

Defendants point to facts showing that they recognized and attempted to address Martinez's medical complaints and did not violate his right to adequate medical care as a pretrial detainee. As Martinez failed to respond, none of these facts are disputed.

Because Defendants show that no individual violated Martinez's constitutional right to adequate medical care, all other issues and motions are moot. *See, e.g.*, *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835–37 (9th Cir. 1996) (reasoning that entity is not liable if no constitutional violation occurs). All three remaining Defendants are entitled to judgment as a matter of law.

### III.  In Forma Pauperis Status

Because Martinez is proceeding in forma pauperis, *see* Order (Doc. 5), the Court must consider whether the case offers a good-faith basis to appeal. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B).

Martinez knew of the requirements he must meet to oppose the motion for summary judgment, *see* Notice (Doc. 66), and knew the defendants sought

6

summary judgment based on their provision of adequate medical care, *see* Defs. Br. in Supp. (Doc. 64) at 3–6.  He points to no meaningful factual dispute.  The evidence presented unequivocally supports Defendants' motion for summary judgment.  Any appeal would not be taken in good faith.

Accordingly, IT IS ORDERED:

1.  Defendants' motion for summary judgment (Doc. 63) is GRANTED.

2.  The amended complaint (Doc. 7) is DISMISSED WITH PREJUDICE.

3.  Defendants' other motions (Docs. 53, 59) are DISMISSED AS MOOT.

4.  By separate document, the clerk shall enter judgment in favor of Defendants and against Plaintiff.

5.  The Court CERTIFIES that any appeal of this disposition would not be taken in good faith.

DATED this 31st day of January, 2022.

                                    */s/ Timothy J. Cavan*
                                    Timothy J. Cavan
                                    United States Magistrate Judge